UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK LAMAR BANKS,

      Plaintiff,

                                Case No. 10-10561
v.                             Honorable Patrick J. Duggan

JAMES TWARDESKY, ROLAND BELL
ROBERT EIDT, MICHAEL KOHLRUSS,
JEFFREY STIEBER, MICHAEL LEWIS, JR.,
MARK JAVERY, DAVID DISMUKE,
and CITY OF WARREN,

      Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

At a session of said Court, held in the
U.S. District Courthouse, Eastern District
of Michigan on March 11, 2011.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On February 10, 2010, Plaintiff commenced this civil rights action against

Defendants pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were

violated when he was arrested following a high-speed chase with police.[1]  Defendants

filed a motion for summary judgment on August 23, 2010.  This matter originally was

assigned to the Honorable John Feikens who referred it for all pretrial matters to

_____

[1]The City of Warren was dismissed with prejudice from this action pursuant to the parties'
stipulation on October 28, 2010.  (Doc. 22.)

Magistrate Judge Donald A. Scheer and then Magistrate Judge Michael Hluchaniuk.  On

November 24, 2010, the case was reassigned from Judge Feikens to the undersigned

pursuant to Administrative Order 10-AO-033.

On February 10, 2011, Magistrate Judge Hluchaniuk issued a Report and

Recommendation (R&R) in which he recommends that this Court grant Defendants'

motion for summary judgment.  ((Doc. 29.)  Viewing the events surrounding Plaintiff's

arrest as depicted on a patrol car's in-car video, taken in a light most favorable to

Plaintiff, Magistrate Judge Hluchaniuk concludes that the conduct of the arresting officer,

Defendant James Twardesky, was objectively reasonable.[2]  (*Id*. at 14-16.)  At the

conclusion of his R&R, Magistrate Judge Hluchaniuk informs the parties that they must

file any objections to the R&R within fourteen days.  (*Id*. at 16-17.)  Plaintiff filed three

objections on February 24, 2011.

When objections are filed to a magistrate judge's report and recommendation on a

dispositive matter, the Court "make[s] a *de novo* determination of those portions of the

report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons

it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.

2001) (citations omitted). A party's failure to file objections to certain conclusions of the

---

[2]Defendant James Twardesky was the primary officer who arrested Plaintiff.  Another officer, who is not named as a defendant, subsequently helped Officer Twardesky get Plaintiff on his feet.  None of the remaining defendants participated in Plaintiff's arrest.

report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

Plaintiff first objects to Magistrate Judge Hluchaniuk's factual determination that "at no point during this entire video could [P]laintiff be viewed as 'subdued' and 'not resisting' . . ." (R&R at 14.)  Plaintiff argues that this finding is contrary to Plaintiff's version of the events and the video of the incident only can override Plaintiff's version "if it would be impossible for a jury to find in the [P]laintiff's favor."  (Pl.'s Obj. at 2.)

This Court finds that there in fact are some moments during the arrest of Plaintiff where he appears subdued;[3] however, those moments are followed by Plaintiff's yelling, cursing, verbally threatening the officer, and agitation.  Based on the events depicted in the video, it would be impossible for a jury to find that Plaintiff quickly laid on the ground in response to the officer's demand, put his hands behind his back, and waited quietly to be handcuffed.

Plaintiff next objects to Magistrate Judge Hluchniuk's finding that any force used by Defendants is merely *de minimis*.  Plaintiff argues that being pepper sprayed, yanked

---

[3]Magistrate Judge Hluchaniuk in fact recognizes this in his R&R.  (*See* Doc. 29 at 13.)

3

up by the handcuffs, and punched in the back can hardly be considered *de minimis*.  (Pl.'s Obj. at 3.)

The Sixth Circuit recently pointed out that "'the extent of the injury inflicted'" is not the measure of determining "whether an officer subjects a detainee to 'gratuitous violence.'" *Miller v. Sanilac County*, 606 F.3d 240, 252 (6th Cir. 2010).  Nevertheless, as the *Miller* court also pointed out, "'[a]n officer making an investigative stop or arrest has 'the right to use some degree of physical coercion or threat thereof to effect it.'" *Id*. at 251 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865 (1989)).  "'Not every push or shove, even if it may later seen unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.'" *Id*. at 253 (quoting *Graham*, 490 U.S. at 396, 109 S. Ct. 1865).  The question is whether the use of force was "excessive" and this determination "depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene." *Id*. at 251 (citing *Graham*, 490 U.S. at 395-96, 109 S. Ct. 1865).  The Supreme Court has identified three factors relevant to the inquiry: the severity of the crime, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect actively resisted or attempted to evade arrest.  *Id*. at 253.

No reasonable jury could find the amount of force used against Plaintiff to be excessive in light of the circumstances of this case.  At approximately 4:00 a.m., police officers attempted to stop a car in which Plaintiff was riding as a back seat passenger after they received a report that an individual in the car had engaged in an assault.  The driver

of the vehicle failed to stop and sped away, leading the officers on a high-speed chase that lasted more than four minutes, traveled through a residential area, and where several stop signs were ignored.  Eventually the driver pulled the vehicle to the side of a residential street.  Before the vehicle came to a complete stop, the driver and a front seat passenger exited the vehicle and fled.

Plaintiff then got out of the vehicle and put his hands in the air, but he did not comply with the officer's repeated command to get on the ground.[4]  While Plaintiff eventually gets on the ground after Officer Twadersky delivered a leg strike to him, he is visibly agitated, at one point starts to get up, and is yelling and swearing at Officer Twardesky (who is the only officer in Plaintiff's vicinity; the remaining officers ran after the other occupants of the vehicle).  Even after being sprayed with pepper spray and handcuffed, Plaintiff continues swearing and yelling.  Officer Twardesky and another officer eventually pull Plaintiff to his feet and push him against the rear of the vehicle.[5]  It appears that Officer Twardesky then gives Plaintiff a slight punch to his side or back, although any punch could not have been very forceful as Officer Twardesky's right arm and hand (he is using his left hand to hold Plaintiff) never moves far from his side at this point. While this punch in retrospect may seem to have been unnecessary, no reasonable

---

[4]Contrary to Plaintiff's claim, the video demonstrates that the only command given to him was to get on the ground.

[5]No reasonable juror could find that Plaintiff was "slammed . . . against the car," as he claims.

5

jury could find under the circumstances of the stop that Officer Twardesky used excessive force against Plaintiff.

This resolves Plaintiff's final objection, in which he Plaintiff contends that reasonable minds could differ about whether the forced used was justified or excessive. For the reasons set forth in Magistrate Judge Hluchaniuk's R&R and for the reasons set forth above, this Court disagrees.

Accordingly,

**IT IS ORDERED**, that Defendants' motion for summary judgment is **GRANTED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Ben M. Gonek, Esq.
John J. Gillooly, Esq.
Magistrate Judge Michael Hluchaniuk